IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NISSAN NORTH AMERICA, INC,

    Plaintiff,

v.

JOHNSON ELECTRIC NORTH AMERICA, INC.,

    Defendant.

Case No. 2:09-cv-11783

Hon. Anna Diggs Taylor

---

| | |
|---|---|
| Thomas S. Bishoff (P53753)<br>Brittany M. Schultz (P63272)<br>Dawn N. Perry (P72399)<br>Attorneys for Nissan North America, Inc.<br>Dykema Gossett PLLC<br>400 Renaissance Center<br>Detroit, MI  48243<br>(313) 568-5341 | Stephen Norman Weiss (SW3662)<br>Gregory J. Fleesler (GF2165)<br>Attorneys for Johnson Electric North America, Inc.<br>Moses & Singer, LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY  10174<br>(212) 554-7800<br><br>Matthew J. Lund (P48632)<br>Adam A. Wolfe (P71278)<br>Co-Counsel for Johnson Electric North America, Inc.<br>Pepper Hamilton LLP<br>100 Renaissance Center, 36th Floor<br>Detroit, MI  48243<br>(313) 259-7110 |

---

**STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)**

Plaintiff Nissan North America, Inc. ("Nissan") and Defendant Johnson Electric North America, Inc. ("Johnson"), (individually "a Party" and collectively "the Parties"), recognize that some of the documents, testimony and materials that will be produced by the Parties and by certain third-parties may include information which is or is claimed to be proprietary, trade

secrets, know-how, or otherwise confidential, technical, commercial or financial information. Accordingly, the Parties wish to establish rules and procedures governing the treatment of such information, and have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c). The production of information which a Party or a third-party contends includes proprietary, trade secrets, know-how or otherwise confidential, technical, commercial or financial information shall be governed by the following Stipulated Protective Order ("Protective Order").

**IT IS HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, that the following provisions shall govern the handling of confidential information in this action:

**1.     Designation Of Confidential Information or Confidential – Attorneys Eyes Only Information.**

a.     Any document, portion of document, or other form of evidence or discovery contemplated by the Federal Rules of Civil Procedure that contains trade secret or other confidential research, development, or commercial information, including sensitive financial information and proprietary technical and business information, maintained as confidential may be designated by the Designating Party as Confidential Information or Confidential – Attorneys Eyes Only Information and shall be subject to the terms and restrictions of this Protective Order.

b.     The term "Designating Party" shall mean any party to this action, as well as any third party to the litigation (including counsel for such third party) who requests the protections provided by this Protective Order, who produces information pursuant to any discovery request.

c. The term "Receiving Party" shall mean the party hereto who is the recipient of information supplied by a Designating Party.

d. The term "Confidential Information" means information that the Designating Party deems to constitute trade secrets or other confidential research, development, or commercial information, including sensitive financial information and proprietary technical and business information, which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials. Confidential Information shall be designated by the legend "CONFIDENTIAL."

e. The term "Confidential – Attorneys Eyes Only Information" means information that the Designating Party believes, reasonably and in good faith, meets the qualifications set forth herein and (i) is information of the Designating Party, which, if disclosed to persons described herein, would likely harm the Designating Party's competitive position, which may include sensitive technical, business or financial information or (ii) is information owned by another person that the Designating Party is under a contractual or legal obligation to protect from disclosure. Confidential – Attorneys Eyes Only Information shall be designated by the legend "ATTORNEYS EYES ONLY."

f. The terms and restrictions of this Protective Order apply not only to those items or things which are expressly designated as Confidential Information or Confidential – Attorneys Eyes Only Information, but also to all copies, abstracts, excerpts, descriptions, analyses and summaries thereof, as well as to testimony and oral conversations that contain or disclose Confidential Information or Confidential – Attorneys Eyes Only Information derived therefrom or related thereto.

    g. The designation of Confidential Information or Confidential – Attorneys Eyes Only Information shall be made at the following times:

    (i) for documents, at the time of the production of the documents;

    (ii) for written responses to interrogatories or requests for admissions, at the time of the written response;

    (iii) for declarations and pleadings, at the time they are filed;

    (iv) for inspection of things or entry upon land or other property, prior to the inspection or entry; and

    (v) for deposition testimony, on record during the deposition or by written notice to all counsel of record within thirty (30) calendar days after receipt by the Designating Party of the deposition transcript. If no such designation has been made, pending the expiration of said thirty (30) days after receipt by the Designating Party of the deposition transcript, all parties shall presumptively treat the deposition transcript as Confidential – Attorneys Eyes Only Information. If no portions of the transcript are designated as Confidential Information or Confidential – Attorneys Eyes Only Information by any party on record during the deposition or by written notice to all counsel of record within said thirty (30) days, the transcript shall be considered to not be designated as Confidential or Confidential – Attorneys Eyes Only Information. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" if written notice is provided within said thirty (30) days. With regard to designations of Confidential Information made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by

this Protective Order who are permitted access to Confidential Information, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential Information under this Protective Order. With regard to designations of Confidential – Attorneys Eyes Only Information made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, counsel for named parties, the court reporter, and such other persons bound by this Protective Order who are permitted access to Confidential – Attorneys Eyes Only Information, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential – Attorneys Eyes Only Information under this Protective Order.

    h. The designation of Confidential Information or Confidential – Attorneys Eyes Only Information shall be made in the following manner: (i) for documents, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on each page of such document; (ii) for tangible objects, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the object or the container therefor, or if not practicable, as otherwise agreed; (iii) for written responses to written interrogatories or requests for admissions, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in the relevant responses and on the face of any such responses; (iv) for declarations or pleadings, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the face or title page of the document; (v) for inspection of things or entry upon land or other property, by stating in writing that Confidential Information or Confidential – Attorneys Eyes Only Information will be disclosed by the inspection or entry and specifying in writing those parts of the things or those areas of the premises in which such information will be revealed, and (vi) for electronic files produced in native format, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on

the disk or other storage media containing the electronic files.  With respect to electronic files produced in native format, the Confidential or Confidential – Attorneys Eyes Only designations apply to the files in their entirety, including all content and any metadata.  A Designating Party producing information from its own files for inspection and selection for copying by a Receiving Party has the right to require that the Receiving Party, during the course of the inspection and selection process, treat all such documents and materials made available during the inspection as Confidential – Attorney Eyes Only Information until such time the documents and materials selected for production may be reviewed by the Designating Party and individually designated pursuant to subsection (i) and (ii) of this section.

      i.      It shall be the duty of the party seeking protection of Confidential Information or Confidential – Attorneys Eyes Only Information to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential Information or Confidential – Attorneys Eyes Only Information.

      j.      Each party retains the right to subsequently redesignate documents it has produced and to require such documents to be treated in accord with such designations from that time forward.  Upon redesignation of any document to a higher level of confidentiality as Confidential Information or Confidential – Attorneys Eyes Only Information, the Receiving Party shall take reasonable efforts to secure the return of the redesignated document from unqualified persons as described herein, and if data or information has been extracted or copied from a redesignated document by an unqualified person, that information or data shall be expunged and not used by the unqualified person.

**2.**      **Resolution of Disputes Regarding Designation of Confidential Information or Confidential – Attorneys Eyes Only Information.**

    a.  In the event that any party takes issue with a designation of Confidential Information or Confidential – Attorneys Eyes Only Information, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to resolve such dispute.

    b.  In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information or Confidential – Attorneys Eyes Only Information within seven (7) business days from the date the written notice of the dispute was mailed and e-mailed, the party disputing the designation may, by noticed motion, raise such issue with the Court. The party claiming confidentiality shall bear the burden of establishing that the information is in fact confidential.

    c.  A challenge to the propriety of a confidential designation may be made at any time.

  **3.**  **Inadvertent Failure to Designate.**

Any party or third party who inadvertently fails to designate information as Confidential Information or Confidential – Attorneys Eyes Only Information, or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such document/information shall be treated by the Receiving Party as being so designated as Confidential Information or Confidential – Attorneys Eyes Only Information from the time the Receiving Party is notified in writing of the inadvertent designation. The parties agree that the inadvertent disclosure of Confidential Information or Confidential – Attorneys Eyes Only Information by the Designating Party in producing discovery to the Receiving Party, regardless of whether the information was designated as Confidential Information or Confidential – Attorneys Eyes Only Information at the time of disclosure, shall not be treated as a waiver in

whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and shall not exempt it from the provisions of this Protective Order where notice has otherwise been given that it is Confidential Information or Confidential – Attorneys Eyes Only Information.

### 4. Access To Confidential Information.

Access to documents, testimony or other materials designated "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

    a. Counsel for any party, inside or outside, (a) who is assisting in this Action (including the necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel).

    b. Organizations retained by the attorneys to provide litigation support services in this action.

    c. Independent experts and consultants retained in this action, in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants.

    d. Employees of the parties who are required in good faith to assist in the conduct of the litigation, provided that the individuals first execute a declaration, in substantially the form attached hereto as <u>Exhibit A</u>, agreeing to be bound by the terms of this Protective Order, and that those declarations are served and e-mailed on the Designating Party seven (7) business days before any disclosure is made.

    e. Court reporters and videotape technicians employed in depositions in this action.

    f.  The Court, its personnel and members of the jury.

    g.  Such other person as hereafter may be designated by written agreement in this action or by order of the Court.

  **5.**  **Access to Confidential – Attorneys Eyes Only Information.**

Access to information designated as "ATTORNEYS EYES ONLY" shall be limited to, and only to, those persons listed in paragraphs 4(a), (b), (c), (e), (f) and (g). Persons described in paragraph 4(d) shall not be given access to documents marked "ATTORNEYS EYES ONLY."

  **6.**  **Disclosure To Experts.**

Each independent expert and consultant referred to in paragraph 4(c) of this Protective Order to whom Confidential Information or Confidential – Attorneys Eyes Only Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order. The Parties shall retain the executed declarations until the completion of this litigation, including all appeals, at which time the executed declarations shall be produced to opposing counsel.

  **7.**  **Obtaining Agreement To Be Bound By This Protective Order.**

Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the Declaration of any person to whom any Confidential Information or Confidential – Attorneys Eyes Only Information is disclosed pursuant to paragraphs 4(c) or 4(d) that he or she agrees to be bound by the terms of this Protective Order. Such Declaration shall be in substantially the form attached hereto as Exhibit A; however, that such agreement given on the record in a deposition after reading of this Protective Order shall fully substitute for such Declaration. Any person receiving access to Confidential Information or Confidential –

Attorneys Eyes Only Information submits himself or herself to the jurisdiction of this Court for all purposes of this Protective Order including ascertaining and enforcing any sanction for violation of this Protective Order.

**8.     Use of Confidential Information or Confidential – Attorneys Eyes Only Information Generally.**

Confidential Information or Confidential – Attorneys Eyes Only Information disclosed pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed.  Confidential Information or Confidential – Attorneys Eyes Only Information shall be used only for purposes of this action; it shall not be used for any competitive commercial, business, research, development and/or patent prosecution purpose.

**9.     Use of Confidential Information or Confidential – Attorneys Eyes Only Information in Conduct of This Action.**

a.     Confidential Information or Confidential – Attorneys Eyes Only Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order.

b.     Confidential Information or Confidential – Attorneys Eyes Only Information may be disclosed to a witness not already allowed access to such information under this Protective Order only if:

(i)     the Confidential Information or Confidential – Attorneys Eyes Only Information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee;

(ii) the Confidential Information or Confidential – Attorneys Eyes Only Information was produced by or obtained from the witness or from an entity for whom the witness is or was a director, officer, employee, consultant or agent;

(iii) counsel for the party designating the material as Confidential Information or Confidential – Attorneys Eyes Only Information agrees that the material may be disclosed to the witness; or

(iv) upon order of the Court for good cause shown.

c. If the Confidential Information or Confidential – Attorneys Eyes Only Information is used in any deposition, then, at the option of the disclosing party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential Information or Confidential – Attorneys Eyes Only Information. In the event of disclosure under this paragraph, only the court reporter, videographer, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential – Attorneys Eyes Only Information. Disclosure of Confidential Information or Confidential – Attorneys Eyes Only Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

d. Notwithstanding the parties' designation of Confidential Information or Confidential – Attorneys Eyes Only Information, any court hearing which refers to or describes Confidential Information or Confidential – Attorneys Eyes Only Information may, in the Court's discretion, be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required. The Designating Party has the option to request that the

proceeding shall be conducted in camera, out of the presence of all unqualified persons and any transcript relating thereto shall be designated as confidential.

      e.    All documents or things containing Confidential Information or Confidential – Attorneys Eyes Only Information, including without limitation any brief or memoranda, to be filed or lodged with the Court, shall be filed with the Clerk of the Court according to the Court's electronic filing procedures concerning the filing of sealed documents or in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

> **"Contains CONFIDENTIAL INFORMATION Subject To A Protective Order Of This Court. To Be Opened Only In Compliance With That Order Or Further Order Of The Court."**

**10. Party's Own Information.**

A party is free to do whatever it desires with its own Confidential Information or Confidential – Attorneys Eyes Only Information.

**11. No Waiver.**

This Protective Order is intended to provide a mechanism for the handling of Confidential Information and Confidential – Attorneys Eyes Only Information in this action. Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, nor any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to seek confidentiality protections greater than those provided for in this order, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party.

**12.    Subpoena From Third Parties.**

In the event any party or nonparty having possession, custody or control of any Confidential Information or Confidential – Attorneys Eyes Only Information receives a subpoena or other process or order to produce such information from a third party, such party or nonparty shall notify the attorneys of record of the Designating Party of the Confidential Information or Confidential – Attorneys Eyes Only Information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or nonparty claiming such confidential treatment. The party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The party or person receiving the subpoena or other process or order will not produce Confidential Information or Confidential – Attorneys Eyes Only Information so long as any motion or proceeding initiated to bar disclosure is pending.

**13.    Privileged Material.**

The production of any document governed by this Protective Order shall be without prejudice to any claim by the producing party or non-party that any such document, or information contained in such document, is privileged or work product within the meaning of the Federal Rules of Civil Procedure, and no party or non-party shall be held to have waived any of its privilege or work-product rights under the Federal Rules of Civil Procedure by such production. If, after documents have been produced, a claim of privilege or work-product protection is made in writing or verbally, followed by a writing documenting the claim of privilege, to each party to which the documents were produced, each such receiving party shall take reasonable steps to ensure that all copies of those documents are returned promptly to the

producing party and not used for any purpose. If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used.

**14.     Termination Of Litigation.**

Within sixty (60) days of receipt of written notice of the final disposition of this action and all related actions, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record shall:

a.      Certify to the Designating Party, or its attorney of record, that they have destroyed the Confidential Information or Confidential – Attorneys Eyes Only Information subject to this Protective Order in their possession, custody or control or in the possession, custody or control of their staff, including all copies of such Confidential Information or Confidential – Attorneys Eyes Only Information which may have been made, except that counsel for a party may keep a copy of such Confidential Information or Confidential – Attorneys Eyes Only Information used in pleadings, trial materials, attorney work product or deposition exhibits as part of counsel's records of the litigation;

b.      Insure that all the Confidential Information or Confidential – Attorneys Eyes Only Information in the possession, custody or control of their experts and consultants, is certified as destroyed; and

c.      Deliver to the Designating Party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the Court for such further order as may be appropriate.

**15.  Enforcement Of This Protective Order.**

This Protective Order shall remain in force and effect until modified, superceded or terminated on the record by written stipulation of the parties or by order of the Court. This Protective Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action, unless this Order is vacated.

**16.  Accidental Or Inadvertent Disclosure of Confidential Information or Confidential – Attorneys Eyes Only Information.**

In the event of any accidental or inadvertent disclosure of Confidential Information or Confidential – Attorneys Eyes Only Information, other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information or Confidential – Attorneys Eyes Only Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information or Confidential – Attorneys Eyes Only Information in any form. Compliance with the forgoing shall not prevent any party from seeking further relief from the Court.

**17.  Modification of This Protective Order.**

This Protective Order may be amended without leave of the Court in the form of a written stipulation of the parties that shall be filed in this case. In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

18.     **Violation of This Protective Order.**

In the event any person or party shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

19.     **Counsel Rendering Advice to Their Clients.**

Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as Confidential Information or Confidential – Attorneys Eyes Only Information, provided however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all) under the terms of this Protective Order.


Dated:  September 24, 2009                     **s/ Anna Diggs Taylor**
                                               HON. ANNA DIGGS TAYLOR
                                               UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 24, 2009.

                                               s/Johnetta M. Curry-Williams
                                               Case Manager

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NISSAN NORTH AMERICA, INC,

    Plaintiff,

v.

JOHNSON ELECTRIC NORTH AMERICA,
INC.,

    Defendant.

Case No. 2:09-cv-11783-ADT-MKM

Hon. Anna Diggs Taylor

_____

| | |
|---|---|
| Thomas S. Bishoff (P53753) | Stephen Norman Weiss (SW3662) |
| Brittany M. Schultz (P63272) | Gregory J. Fleesler (GF2165) |
| Dawn N. Perry (P72399) | Attorneys for Johnson Electric North |
| Attorneys for Nissan North America, Inc. |   America, Inc. |
| Dykema Gossett PLLC | Moses & Singer, LLP |
| 400 Renaissance Center | The Chrysler Building |
| Detroit, MI  48243 | 405 Lexington Avenue |
| (313) 568-5341 | New York, NY  10174 |
| | (212) 554-7800 |
| | |
| | Matthew J. Lund (P48632) |
| | Adam A. Wolfe (P71278) |
| | Co-Counsel for Johnson Electric North |
| |   America, Inc. |
| | Pepper Hamilton LLP |
| | 100 Renaissance Center, 36th Floor |
| | Detroit, MI  48243 |
| | (313) 259-7110 |

_____

**DECLARATION REGARDING RECEIPT OF CONFIDENTIAL INFORMATION
OR CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION**

I, _____, declare that:

1. My address is _____, and the address of my present employer is_____.

2. My present occupation or job description is_____.

3. In addition to my other job functions, I am working as a consultant to _____.

4. My relationship to Plaintiff/Defendant is _____ _____.

5. I have received a copy of the Stipulated Protective Order Pursuant to Fed. R. Civ. P. 26(c) ("Protective Order") in this action.

6. I have carefully read and understood the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Confidential-Attorneys Eyes Only Information received under the protection of the Protective Order except as permitted under the Protective Order.

7. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information or Confidential-Attorneys Eyes Only Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all Confidential Information or Confidential-Attorneys Eyes Only Information which comes into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

3

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____ on _____, 2009.

                                             _____
                                                    [SIGNATURE]

Case 2:09-cv-11783-LPZ-MKM    ECF No. 15    filed 09/24/09    PageID.102    Page 19 of 19