**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NISSAN NORTH AMERICA, INC.,

        Plaintiff,                               CIVIL ACTION NO. 09-CV-11783

vs.

                                                 DISTRICT JUDGE ANNA DIGGS TAYLOR

JOHNSON ELECTRIC NORTH           MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA, INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS (DOCKET NO. 18)

This matter comes before the Court on Defendant's Motion to Compel and for Sanctions, filed on December 10, 2009. (Docket no. 18). Plaintiff has filed a response. (Docket no. 21). Defendant filed a Reply Brief. (Docket no. 23). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 29). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 19). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Plaintiff brought this action on April 10, 2009, claiming that Defendant's design, manufacture and supply of allegedly defective air conditioner condenser fan motors and fan assemblies led to a safety recall of model year 2004-2006 Nissan Titan, Nissan Armada and Infinti QX56 vehicles. On August 7, 2009 Defendant served its First Request for Production of Documents to Plaintiff. Plaintiff served its responses and objections on September 8, 2009. In its responses, Plaintiff asserted boilerplate objections to virtually every document request but stated that it would

1

produce documents subject to an appropriate protective order. (Docket no. 18, Ex. 5).

The Court entered a Stipulated Protective Order on September 24, 2009 and Plaintiff began a rolling production. On December 1, 2009 the Court entered a stipulated order modifying the Scheduling Order and extending the cutoff date for discovery until June 25, 2010. (Docket no. 16). The order provides that Plaintiff is experiencing difficulties collecting documents and expects to produce large volumes of responsive documents. Nine days after the Stipulated Order was entered, Defendant filed the instant motion to compel. In its motion, Defendant seeks an order compelling Plaintiff in part to (1) produce documents in response to Defendant's First Request for Production of Documents by a date certain, or be precluded from presenting evidence on any topic for which its production is incomplete; and (2) provide complete and accurate responses to Defendant's First Set of Interrogatories by a date certain, or be precluded from presenting evidence of damages. (Docket no. 18).

On February 19, 2010, the parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 29). The Joint Statement raises multiple issues and essentially asserts an entirely new motion to compel, claiming that the following issues remain unresolved between the parties: (1) whether Plaintiff has failed to produce all documents in its possession regarding the electrical system design relating to the condenser fan motor of the subject vehicles; (2) whether Plaintiff has failed to produce all documents in its possession regarding the basis and propriety of the subject recall; (3) whether Plaintiff has failed to produce all documents in its possession regarding the propriety of the recall service procedure; (4) whether Plaintiff has failed to answer Defendant's interrogatories and produce documents regarding damages; (5) whether Plaintiff has failed to search for and produce all relevant ESI from its electronic data systems and produce all documents as they are kept in the

2

ordinary course of business or correlate documents to Defendant's requests; (6) whether Plaintiff should be precluded from introducing evidence relating to the recall, the risk of fire, and the damages allegedly stemming from the recall and the subsequent inspection and remedial actions taken by Plaintiff's dealers; and (7) whether Plaintiff should be sanctioned for providing a false verification of its interrogatory responses in violation of Fed.R.Civ.P. 33(b)(3). (Docket no. 29).

**Motion to Compel the Production of Documents**

Plaintiff contends that it has produced documents on a rolling basis, consisting of twelve waves of documents amounting to approximately 268,364 pages of which over 260,119 pages are ESI. (Docket no. 21). Defendant contends that Plaintiff has delayed its production of documents, has failed to make a significant production of ESI with metadata, and has failed to produce documents prior to 2007 despite requests for documents as early as 2000. The Court will address the categories of documents discussed in the parties' Joint Statement. (Docket no. 29). Because Plaintiff's document production was not complete as of the date it filed its response to this motion, Plaintiff will be ordered to supplement its responses to Defendant's discovery requests.

*1. Production of Documents Regarding the Electrical System Design Relating to the Condenser Fan Motor of the Subject Vehicles*

Defendant argues that Plaintiff has not produced (1) schematics of the original electrical system for the recalled vehicles, including the initial design of the fuse protection relating to the condenser fan motors; and (2) documents showing the decisions behind Plaintiff's electrical design of the subject vehicles, including choices Plaintiff made to bundle or not bundle the fuses applicable to the condenser fan motors with other systems. (Docket no. 29 at 1-2). Plaintiff contends that it has produced electrical system design documents for the fan and fan motor assembly at issue, but

3

argues that Defendant has not served a document request seeking vehicle-wide electrical system design documents. (Docket no. 29 at 2).

The parties identify Defendant's arguments as falling under the ambit of Document Requests nos. 1 and 2. (Docket no. 29). Document Requests nos. 1 and 2 ask Plaintiff for documents concerning the electrical system as it relates to the 90 Watt Fan Motors and Cooling Fan Assemblies in issue, including documents related to protections that exist to prevent overheating, fire, and other malfunctions, and the fuse design and configuration. (Docket no. 18, Ex. 2). "90 Watt Fan Motors" is defined as meaning the 90 watt air conditioner condenser fan motors and assemblies. (Docket no. 18, Ex. 2 at 3).

The Court does not interpret Document Requests nos. 1 and 2 to require production of vehicle-wide electrical system design documents. The requests relate to the 90 Watt Fan Motors and Cooling Fan Assemblies of the recalled vehicles, as those terms are defined in the Defendant's Request for Production of Documents.

Plaintiff is ordered to supplement its responses to Document Requests nos. 1 and 2 to produce responsive documents it has in its possession, custody, or control dating back to 2000 which it has not already produced. Plaintiff's production should include documents showing the schematics of the original electrical system for the recalled vehicles as they relate to the 90 Watt Fan Motors and Cooling Fan Assemblies, including the fuse protection relating to the condenser fan motors. Plaintiff should also produce documents showing the decisions behind Plaintiff's electrical design of the subject vehicles as they relate to the 90 Watt Fan Motors and Cooling Fan Assemblies, including choices Plaintiff made to bundle or not bundle the fuses applicable to the condenser fan

motors with other systems.

*2. Production of Documents Regarding the Basis and Propriety of the Subject Recall*

Defendant contends that Plaintiff has not produced (1) documents relating to the decision making process or analysis underlying the recall, including documents showing a cost/benefit analysis or other economic analysis of the recall; and (2) documents comparing the failure rates for the various motors at issue. Plaintiff asserts that it has produced all non-privileged recall basis documents in its possession and has identified by bates numbers "some specific examples in Nissan's production of where the actual recall decision was documented." (Docket no. 29 at 4). Plaintiff also asserts that it is presently seeking the requested documents from its parent company.

Defendant does not identify which document requests ask for the documents it claims it is entitled to. A review of the document requests shows that Document Request no. 15 asks Plaintiff for all documents related to the recall of the subject vehicles. Document Requests nos. 10 and 19 ask Plaintiff for all documents related in part to the testing of the 90 Watt Fan Motors and Cooling Fan Assemblies of the subject vehicles.

Plaintiff is ordered to supplement its document production to provide documents it has in its possession, custody, or control regarding the basis and propriety of the subject recall. Additionally, because Defendant cannot locate documents Plaintiff claims to have produced with regard to the basis and propriety of the subject recall, Plaintiff will be ordered to identify by bates number documents it has produced related to this issue or otherwise identify the documents in a way in which Defendant can easily locate them. Plaintiff should include in its production documents relating to the decision making process or analysis underlying the recall, including documents showing a cost/benefit analysis or other economic analysis of the recall. Plaintiff should also

5

produce documents in its possession, custody, or control which compare the failure rates for the various motors at issue.

Documents to which Plaintiff asserts a privilege must be listed and described in a detailed privilege log pursuant to Fed.R.Civ.P. 26(b)(5)(A) which is to be provided to the Defendant. The privilege log must contain sufficient information to permit a determination as to whether the withheld documents are subject to a privilege or protection.

*3. Production of Documents Regarding the Propriety of the Recall Procedure*

Defendant contends that Plaintiff has not produced documents relating to the basis for the development or implementation of the recall service procedure. Specifically, Defendant contends that Plaintiff has not produced documents showing how the recall protocol was developed, including its choices to: (a) recall all Nissan Titan, Nissan Armada and Infiniti QX56 vehicles manufactured from March 17, 2005 to August 21, 2006, as well as model year 2004 and 2005 vehicles where the air conditioning condenser fan was replaced; (b) merely inspect one group of motors; (c) apply a protector kit to a second group of motors; and (d) completely replace and install a maxi fuse to a third group of motors. (Docket no. 29 at 5). Plaintiff contends that it has produced the non-privileged documents it has in its possession that relate to the propriety of the recall service procedure, and has identified by bates numbers "some specific examples in Nissan's production of where the company's decision regarding a recall fix was documented." (Docket no. 29 at 6). Plaintiff also asserts that it is seeking the requested documents from its parent company.

Defendant has failed to identify which document request asks for the documents it seeks. The Court will construe this as a request made under Document Request no. 15, which asks Plaintiff for all documents related to the recall of the subject vehicles, and Document Request no. 18 which

relates to the Maxi fuse.

Plaintiff is ordered to supplement its document production to provide documents it has in its possession, custody, or control regarding the propriety of the recall procedure. Because Defendant cannot locate documents Plaintiff claims to have produced, Plaintiff will be ordered to identify by bates number documents it has produced related to the propriety of the recall procedure, or otherwise identify the documents in a way in which Defendant can easily locate them. Plaintiff should include in its production documents showing how the recall protocol was developed, including its choices to: (a) recall all Nissan Titan, Nissan Armada and Infiniti QX56 vehicles manufactured from March 17, 2005 to August 21, 2006, as well as model year 2004 and 2005 vehicles where the air conditioning condenser fan was replaced; (b) merely inspect one group of motors; (c) apply a protector kit to a second group of motors; and (d) completely replace and install a maxi fuse to a third group of motors.

Documents to which Plaintiff asserts a privilege must be listed and described in a detailed privilege log pursuant to Fed.R.Civ.P. 26(b)(5)(A) which is to be provided to the Defendant. The privilege log must contain sufficient information to permit a determination to be made as to whether the withheld documents are properly subject to a privilege or protection.

*4. Production of Documents Regarding Damages*

Defendant contends that Plaintiff produced spreadsheets in response to Interrogatories Nos. 1 and 2 of its First Set of Interrogatories identifying among other information the recalled vehicles, the remedial action taken, the date and location where remedial action took place, and the dollar amount of claimed damages, but failed to produce the documents underlying the spreadsheets. (Docket no. 29 at 7). Plaintiff asserts that the raw data contained in the spreadsheets resides in its

databases in the usual course of business and must be compiled and produced in a useable format such as the spreadsheets. (Docket no. 29).

Once again Defendant does not identify which document requests seek documents related to the information it seeks. The Court will construe its request as being brought under Document Requests nos. 15, 16, 20, 31, and 32.

Federal Rule of Civil Procedure 34(b)(2)(E)(i) provides that a "party must produce documents as they are kept in the ususal course of business or must organize and label them to correspond to the categories in the request." To the extent the request does not identify a form for production of ESI, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed.R.Civ.P. 34(b)(2)(E)(ii). The parties agreed in their Rule 26(f) Report to produce ESI in the form of single page TIFFS with associated metadata fields of author, date, recipient, cc, bcc, subject/title, and doctype. (Docket no. 14).

Plaintiff will be ordered to produce the documents underlying the six categories of information sought in Interrogatories nos. 1 and 2 in accordance with Rule 34(b)(2)(E)(i) and the Rule 26(f) plan.

5. *Production of ESI*

Defendant contends that Plaintiff has not identified which readily accessible data systems it searched, how it searched them, or what non-readily accessible systems have not been searched. (Docket no. 29 at 9). Plaintiff asserts that it has diligently searched for and produced relevant, non-privileged ESI from its readily accessible data systems, including email, group directories, user shares, personal computers and other systems, but has not processed non-readily accessible sources such as disaster recovery sources which are not restorable without excessive cost and effort.

8

(Docket no. 29 at 10).

Federal Rule of Civil Procedure 26 provides that a party "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B). On a motion to compel, "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." *Id.*

Plaintiff is ordered to supplement its discovery responses to specifically identify sources of ESI which are not reasonably accessible, the reasons for its contention that the ESI is not reasonably accessible without undue cost and effort, and the anticipated costs and efforts involved in retrieving that ESI. Documents to which Plaintiff asserts a privilege must be listed and described in a detailed privilege log pursuant to Fed.R.Civ.P. 26(b)(5)(A) which is to be provided to the Defendant. The Plaintiff's privilege log must contain sufficient information to enable a determination to be made as to whether the withheld documents are properly subject to a privilege or protection.

*6. Production of Documents As They Are Kept in the Ordinary Course of Business or to Correlate to Defendant's Requests*

Defendant contends that Plaintiff's documents do not "appear to have been produced in the manner in which they are ordinarily kept, nor are they correlated to [Defendant's] requests." (Docket no. 29). Plaintiff contends that it has produced its documents in the ordinary course of business pursuant to Fed.R.Civ.P. 34. The Court has no basis at this time for finding that Plaintiff has not complied with Rule 34 with regard to the documents it has produced. Defendant's motion is denied as to this request.

**Motion to Compel Responses to Defendant's First Set of Interrogatories**

Defendant served its First Set of Interrogatories on Plaintiff on October 19, 2009, consisting of two requests seeking information as to the identity of recalled vehicles, actions taken in response to the recall, and the amount claimed in damages. Defendant avers that Plaintiff provided much of the requested information in the form of spreadsheets but has failed to provide the key to interpreting codes used in the Dealer Operation Code column of the spreadsheets. Dealer Operation Codes identify what actions were taken by service personnel. (Docket no. 29 at 7). Plaintiff claims that it has provided Defendant with the Dealer Operation Codes in question.

Plaintiff is ordered to supplement its response to Interrogatories Nos. 1 and 2 to either provide Defendant with the Dealer Operation Codes or identify by bates number the document which does.

**Sanctions**

Defendant contends that Plaintiff should be precluded from introducing evidence relating to the recall, the risk of fire, and the damages allegedly stemming from the recall and the subsequent inspection and remedial actions taken by Plaintiff's dealers. Defendant further contends that Plaintiff should be sanctioned for providing a false verification of its interrogatory responses in violation of Fed.R.Civ.P. 33(b)(3). The Court finds that sanctions are not appropriate at this time. Defendant's request for sanctions is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is ordered to complete its document production and provide supplemental responses in accordance with this order on or before May 19, 2010. Where applicable, Plaintiff is ordered to produce documents dating back to 2000. Documents held by

Plaintiff's parent company must be produced to the extent they are within Plaintiff's possession, custody, or control. If Plaintiff does not have responsive documents in its possession, custody, or control it must state as much in its responses.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its responses to Document Requests nos. 1 and 2 as provided in this order. Plaintiff's production must include documents it has within its possession, custody, or control showing the schematics of the original electrical system for the recalled vehicles as they relate to the 90 Watt Fan Motors and Cooling Fan Assemblies, including the fuse protection relating to the condenser fan motors. Plaintiff must also produce documents showing the decisions behind Plaintiff's electrical design of the subject vehicles as they relate to the 90 Watt Fan Motors and Cooling Fan Assemblies, including choices Plaintiff made to bundle or not bundle the fuses applicable to the condenser fan motors with other systems.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its document production to provide documents it has in its possession, custody, or control regarding the basis and propriety of the subject recall. Plaintiff is ordered to identify by bates number documents it has produced related to this issue or otherwise identify the documents in a way in which Defendant can easily locate them. Plaintiff should include in its production documents relating to the decision making process or analysis underlying the recall, including documents showing a cost/benefit analysis or other economic analysis of the recall. Plaintiff should also produce documents in its possession, custody, or control which compare the failure rates for the various motors at issue.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its document production to provide documents it has in its possession, custody, or control regarding the propriety of the recall procedure. Plaintiff is ordered to identify by bates number documents it has produced related to the

propriety of the recall procedure, or otherwise identify the documents in a way in which Defendant can easily locate them. Plaintiff should include in its production documents showing how the recall protocol was developed, including its choices to: (a) recall all Nissan Titan, Nissan Armada and Infiniti QX56 vehicles manufactured from March 17, 2005 to August 21, 2006, as well as model year 2004 and 2005 vehicles where the air conditioning condenser fan was replaced; (b) merely inspect one group of motors; (c) apply a protector kit to a second group of motors; and (d) completely replace and install a maxi fuse to a third group of motors.

**IT IS FURTHER ORDERED** that the Plaintiff must produce the underlying documents related to the six categories of information sought in Interrogatories nos. 1 and 2 in accordance with Rule 34(b)(2)(E)(i) and the Rule 26(f) plan.

**IT IS FURTHER ORDERED** that Plaintiff must identify sources of ESI it did not search because they are not reasonably accessible, the reasons for its contention that the ESI is not reasonably accessible without undue cost and effort, and the anticipated costs and efforts involved in retrieving that ESI.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its response to Interrogatories Nos. 1 and 2 to either provide Defendant with the Dealer Operation Codes or identify by bates number the document which does.

**IT IS FURTHER ORDERED** that documents to which Plaintiff asserts a privilege must be listed and described in a detailed privilege log pursuant to Fed.R.Civ.P. 26(b)(5)(A) which is to be provided to the Defendant. The Plaintiff's privilege log must contain sufficient information to permit a determination to be made as to whether the withheld documents are properly subject to a privilege or protection.

**IT IS FURTHER ORDERED** that Defendant's request for sanctions is denied.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 5, 2010          s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 5, 2010          s/ Lisa C. Bartlett
Case Manager