UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NISSAN NORTH AMERICA, INC.,

    Plaintiff,                              CIVIL ACTION NO. 09-CV-11783

vs.

                                            DISTRICT JUDGE LAWRENCE P. ZATKOFF

JOHNSON ELECTRIC NORTH         MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA, INC.,

    Defendant.
_____/

### ORDER GRANTING IN PART DEFENDANT'S THIRD MOTION TO COMPEL AND FOR SANCTIONS (DOCKET NO. 77)

This matter comes before the Court on Defendant's Third Motion To Compel And For Sanctions. (Docket no. 77). Plaintiff has filed a response. (Docket nos. 78). Defendant has filed a reply. (Docket no. 83). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 118). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 89). The Court heard oral argument on the motion on February 7, 2011. This matter is now ready for ruling.

Defendant served its Third Set of Interrogatories and Second Requests for Production of Documents on Plaintiff on March 2, 2010, seeking responses to five Interrogatories and two document requests. (Docket 77, Ex. 2, 3). Plaintiff served objections and responses to the requests on April 5, 2010. (Docket no. 77, Ex. 5, 6). On March 18, 2010 Defendant also served a Notice to take Oral Deposition of Plaintiff, setting April 20, 2010 as the date for deposition. (Docket no. 77, Ex. 4). Plaintiff objected to the scope of the deposition notice. In this motion Defendant seeks an

1

order compelling Plaintiff to respond to Interrogatory no. 7, produce documents in response to Document Request no. 48, and produce a 30(b)(6) witness for deposition, or be precluded from presenting evidence in relation to whether Defendant improperly conducted locked rotor testing, or on any topic for which testimony has not been provided.

Interrogatory no. 7 asks Plaintiff to identify every fan motor in a Nissan or Infiniti vehicle other than the Subject Vehicles that is tested by Nissan or its suppliers using Nissan Design Specification Test 1.4.14 and any documents or communications containing a discussion or explanation of the term "problems" in Test 1.4.14. Document Request no. 48 asks Plaintiff to produce: (a) all locked rotor test specifications used by Nissan or its suppliers for cooling fan motors in Nissan and Infiniti vehicles other than the Subject Vehicles; and (b) the results of all locked rotor tests run by Nissan or its suppliers on Nissan and Infiniti vehicles other than the Subject Vehicles. Defendant has agreed to limit these requests to Nissan and Infiniti vehicles manufactured from 2002 to 2006, but continues to request fan information for all vehicles. (Docket no. 77, Ex. 8; Docket no. 78 at 5).

With regard to Document Request no. 48, Defendant argues that test results of other suppliers will reveal historic interpretations of the test which are important because Plaintiff disputes Defendant's interpretation of the locked rotor test procedure. As a compromise Plaintiff argues that it produced to Defendant locked rotor test results and other information from a similar vehicle line or platform identified as X61B. Plaintiff argues that tests conducted on the X61B platform are performed under the same test specifications in issue in this case and should provide Defendant the information it needs. Not surprisingly, Defendant does not agree.

Plaintiff asserts general boilerplate objections to Defendant's Third Set of Interrogatories and Second Requests for Production of Documents. Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court. *See Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, No. 08-cv-12393, 2009 WL 2022308, at *2 (E.D. Mich. July 8, 2009). Plaintiff asserts more specific objections to Interrogatory no. 7 and Document Request no. 48 on the grounds that these discovery requests are over broad, unduly burdensome, irrelevant, and harassing.

The Court finds that Interrogatory no. 7 and Document Request no. 48 are over broad and unduly burdensome. Defendant's motion to compel further responses to these requests is denied.

Next, Plaintiff objects to the scope and breadth of Defendant's Rule 30(b)(6) Deposition Notice as it relates to topics 1, 2, 5, 8(a), (b), (d), 10, 11, and 12. Plaintiff also objects to topics 3, 4(d) and (e), 14, 17, and 19.

Topics 1, 2, 5, 8, 10, 11, and 12 seek testimony on the following issues:

Topic 1: The development, design and validation of the 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies.
Topic 2: The drawings, specification, standards, design guidelines and test procedures relating to the 90 Watt and 140 Watt Fan Motors, the Cooling Fan Assemblies and their component parts, including: (a) the creation, development, modification, purpose, implementation, analysis and storage of Nissan's Design Specifications; (b) all Japanese versions of Nissan's Design Specifications; and (c) the creation, development, modification, purpose, implementation, analysis and storage of Visteon's Engineering Specifications.
Topic 5: The fire hazard protection devices used for electrical fans in Nissan and Infiniti vehicles from 2000 to present.
Topic 8(a), (b), (d): Testing (or the lack of testing) and approval of the 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies, including: (a) water resistance and drainability testing; (b) locking performance testing, including but not limited to those tests that Nissan personnel attended where there was a fire, what Nissan personnel learned from those tests and what Nissan personnel did with that information; and (d) all APQP or similar documents, and all changes to those documents, from 2000 to the present, including those listed in Defendant's Document Request No. 5.
Topic 10: All design and manufacturing changes and/or modifications made to the

3

>90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies, including Defendant's change in the manufacturing location of the 90 Watt Fan Motors, and notice, approval and validation of all such changes and modifications.
>
>Topic 11: Defects in the 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies, including: (a) reports of failure or other problems and analyses of the reports of failure or other problems; (b) what actions were taken, if any, as a result of those analyses; and (c) the discovery of the reversed fan rotation problem and steps taken to correct that problem, including the number of vehicles involved, the cost and how many fans were corrected during the Recall, if any.
>
>Topic 12: The cause of failures and thermal events associated with or arising out of the 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies in the subject vehicles and all other Nissan Titan, Nissan Armada and Infiniti QX56 vehicles and the root cause investigations and analyses of same.

The Court has considered the parties' arguments with regard to these topics, Plaintiff's objections to the topics, and the additional objections Plaintiff makes to topics 5, 8, 10, 11, and 12. Plaintiff agrees to produce a corporate representative to testify as to post-model year 2006 vehicles with regard to the maxifuse issue and "the reversed fan rotation problem" identified in topic 11(c). In all other respects, Plaintiff asks that topics 1, 2, 5, 8(a), (b), (d), 10, 11, and 12 be limited to model year 2004-2006 for the Subject Vehicles.

The Court finds that topics 1, 2, 5, 8(a), (b), (d), 10, 11, and 12 are over broad. Plaintiff will be ordered to produce a corporate representative to testify as to model years 2004-2006 for the Subject Vehicles only as to these topics, except that as to the maxifuse issue and the "reversed fan rotation problem" Plaintiff will also produce a corporate representative to testify as to post-model year 2006 vehicles.

Topics 3, 4(d) and (e), 14, 17, and 19 seek testimony on the following issues:

>Topic 3: The locked rotor test specifications used by Nissan or its suppliers for cooling fan motors in Nissan and Infiniti vehicles other than the Nissan Titan, Nissan Armada or Infiniti QX56 vehicles and the results of all locked rotor tests run by Nissan or its suppliers on Nissan and Infiniti vehicles other than Nissan Titan, Nissan Armada or Infiniti QX56 vehicles.

4

>Topic 4(d), (e): The electrical system as it relates to the 90 Watt and 140 Watt Fan Motors and cooling Fan Assemblies including: (d) all aspects of the decision making process that led to building a fuse into the engine room harness starting in model year 2008; and (e) the use, purpose and any and all failures of the ECM and/or the IPDM in the Nissan Titan, Nissan Armada and Infiniti QX56 vehicles.
>Topic 14: The warranty returns related to 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies.
>Topic 17: Nissan and its parent company, Nissan Motor Co.'s document storage, searching and preservation policies, including their implementation and Nissan's document production in this case.
>Topic 19: The basis for each of Nissan's allegations in its Complaint.

Topic 3 is over broad. Plaintiff has agreed to produce a witness who will testify regarding the test specifications and results for locked rotor testing in X61B vehicles, including the test results it produced from CalsonicKansei. In all other respects Defendant's motion is denied as to this topic.

Topic 4(d) relates to the purpose of Plaintiff's addition of a 25A maxifuse as a running change in model year 2008 for the Subject Vehicles. The Court finds that this topic is not relevant. Plaintiff's motion to compel as to this request is denied.

Topic 4(e) relates to the use, purpose, and failures of Plaintiff's ECM and/or IPDM module, which are referenced in Plaintiff's documents discussing the melting of the 40A fuse. Defendant contends that the ECM and/or IPDM are relevant because Plaintiff's electrical system is at issue and replacement of these modules bears on its defense that Plaintiff's initial fusing design is at fault for the recall. Plaintiff claims that it has already agreed to produce a witness to testify regarding the 40A fusible link, the gauge of wire, and the maxifuse as utilized in the subject vehicles. The Court will grant Plaintiff's motion as to topic 4(e), but will require that testimony be limited to model years 2004-2006 for the Subject Vehicles.

Topic 14 seeks testimony on warranty returns related to 90 Watt and 140 Watt Fan Motors and Cooling Fan Assemblies. Plaintiff argues that it is no longer pursuing recovery of warranty

claims and recall claims. Accordingly, Defendant's motion as to this topic is denied.

Topic 17 seeks testimony regarding Plaintiff and its parent company, Nissan Motor Co.'s document storage, searching and preservation policies, including their implementation and Nissan's document production in this case. Topic 17 is over broad. Plaintiff's parent company is not a party to this action, therefore testimony related to the issues in topic 17 will not be compelled as to Nissan Motor Company. The Court will grant Plaintiff's motion concerning topic 17 only as it relates to Plaintiff's searching and preservation policies and implementation in this case.

Topic 19 seeks testimony on each of Nissan's allegations in its Complaint. Plaintiff's motion will be granted as to this topic.

Defendant's request for attorneys' fees and costs incurred as a result of this motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Third Motion To Compel And For Sanctions (docket no. 77) is **GRANTED IN PART**. Defendant's motion is denied as to Interrogatory no. 7 and Document Request no. 48. With regard to its Notice of Deposition, Plaintiff is ordered to produce a corporate witness or witnesses to testify on the topics at issue in this motion as follows:

1. Plaintiff must produce a corporate representative to testify as to model years 2004-2006 for the Subject Vehicles only as to topics 1, 2, 5, 8(a), (b), (d), 10, 11, and 12, except that as to the maxifuse issue and the "reversed fan rotation problem." Plaintiff will also produce a corporate representative to testify as to post-model year 2006 vehicles.
2. In response to topic 3, Plaintiff must produce a witness who will testify on test specifications and results for locked rotor testing in X61B vehicles, including the test results Plaintiff produced from CalsonicKansei.
3. In response to topic 4(e), Plaintiff must produce a corporate representative to testify as to model years 2004-2006 for the Subject Vehicles only.
4. In response to topic 17, Plaintiff must produce a corporate representative to testify on issues related to Plaintiff's searching and preservation policies and implementation in this case.
5. In response to topic 19, Plaintiff must produce a corporate representative to testify

        on the allegations in its Complaint.
6.     The deposition(s) of Plaintiff's 30(b)(6) witness(es) must be conducted at a mutually agreeable date and time and be completed before the close of discovery.
7.     In all other respects Plaintiff's motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 17, 2011         s/ Mona K. Majzoub
        MONA K. MAJZOUB
        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 17, 2011         s/ Lisa C. Bartlett
        Case Manager