UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NISSAN NORTH AMERICA, INC.,

    Plaintiff,                             CIVIL ACTION NO. 09-CV-11783

    vs.

                                         DISTRICT JUDGE LAWRENCE P. ZATKOFF

JOHNSON ELECTRIC NORTH         MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA, INC.,

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 79)

This matter comes before the Court on Plaintiff's Motion For Protective Order. (Docket no. 79). Defendant filed a combined brief in response and in support of a Cross-Motion To Compel Compliance With The Court's May 5, 2010 Order and For Sanctions. (Docket no. 92, 101). Plaintiff filed a reply brief. (Docket no. 108). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 120). On January 14, 2011 the Court struck Defendant's cross-motion. (Docket no. 104). The Motion For Protective Order has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 89). The Court heard oral argument on the motion on February 7, 2011. This matter is now ready for ruling.

Plaintiff claims to have produced in excess of 1.79 million pages of documents during the course of discovery, along with 84,000 pages of documents from its non-party parent company in Japan. As Plaintiff points out in its motion, this Court entered an Order on May 5, 2010 which required Plaintiff to supplement its discovery responses to specifically identify sources of ESI it did

1

not search because the sources are not reasonably accessible, the reasons for its contention that the ESI is not reasonably accessible without undue cost and effort, and the anticipated costs and effort involved in retrieving that ESI. (Docket no. 43). Defendant claims that Plaintiff's supplemental discovery responses contain misstatements and omissions and call into question Plaintiff's preservation and production of ESI. As a consequence, in order to verify that all of Plaintiff's reasonably accessible systems were searched for relevant ESI, Defendant claims that it informally asked Plaintiff to produce (a) a data map to show what data is stored on each of Plaintiff's systems, who uses the systems, the retention of the data stored and where and how the data is backed up or archived; (b) document retention policies; (c) tracking records and/or requests for restores; and (d) backup policies. According to Defendant, Plaintiff was required to provide responses to these four requests in order to comply with the May 5, 2010 Order.

Plaintiff filed the instant Motion for Protective Order in response to Defendant's informal discovery requests. In its motion Plaintiff argues that Defendant seeks discovery of its "not readily accessible" systems and has demanded that Plaintiff conduct broad and duplicative searches of witnesses whose documents have already been collected. Plaintiff now moves for a protective order denying Defendant discovery of (1) system-wide searches of Plaintiff's systems and custodians beyond what Plaintiff has already provided; (2) Plaintiff's "not readily accessible" sources identified by Plaintiff, including backups; (3) Plaintiff's record retention practices or disaster recovery backup policies; (4) Plaintiff's tracking records and requests for computer restores to IT and vendors; and (5) a "data map" to provide information on all of Plaintiff's systems. (Docket no. 79).

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or

expense. Plaintiff has the burden of showing good cause for a protective order. Plaintiff first asks for a protective order denying Defendant discovery of system-wide searches of Plaintiff's systems and custodians beyond what Plaintiff has already provided. Defendant argues in response that it has not asked Plaintiff to conduct additional searches. (Docket no. 79, Ex. C - 7/28/10 letter). Rather, Defendant argues that it merely asked for confirmation that Plaintiff searched its systems for relevant ESI for forty-one employees who are either members of the Task Force assigned by Plaintiff to the recall issue, or who are listed in Plaintiff's Rule 26 disclosures.

Letter correspondence between the parties shows that Defendant did not ask that a search be made for ESI related to these forty-one individuals, only that Plaintiff confirm whether the computers, email accounts, network shares, and databases of these individuals were searched. (Docket no. 79, Ex. C - 7/28/10 letter). Since Plaintiff claims to have searched the documents of its key custodians and states that it has already produced all relevant documents for all readily-accessible sources, it should be able to provide this confirmation without significant effort. Presumably if Plaintiff did not search the computer systems of all or some of these forty-one individuals it can provide justification for its decision`. Since Defendant has not asked for additional searches, Plaintiff has failed to show good cause for issuing a protective order preventing Defendant from seeking system-wide searches of Plaintiff's systems and custodians beyond what Plaintiff has already provided. Plaintiff's motion will be denied with regard to this request.

Next, Plaintiff moves for a protective order preventing Defendant from taking discovery of Plaintiff's "not readily accessible" sources identified by Plaintiff, including backups. Plaintiff contends that it has carefully searched for and produced relevant, non-privileged ESI from its readily accessible data systems, including email, group directories, user shares, personal computers and

other systems. Specifically, Plaintiff claims to have searched Outlook email data and PST files; hard drives on individual computers, network shares mapped as various drive letters; and the ANEMS, IDOCS, IDEAS, GCARS, WRAPS, CPIA, VHF, CICS PO system, and Legacy business databases. (Docket no. 79). In addition, Plaintiff states that it identified key custodians who were likely to have responsive information relevant to this case and had their documents searched. Plaintiff also asserts that it requested documents and information from its non-party parent company, and that both it and its parent company searched hard copy files for paper documents, for documents stored on CD, DVD, or other external sources, and for physical parts.

Plaintiff has identified in table format electronic data sources identified by key custodians as being potential sources of responsive information and claims that it identified, processed, and produced responsive information from these systems. (Docket no. 79 at 4-7). Plaintiff contends that the only systems it did not search are its disaster recovery or backup systems for email, network shares, and business databases because they are not readily accessible. Plaintiff argues that information on its backup systems is not reasonably accessible because of undue burden and cost. Plaintiff also asserts that a search of its backup or "not readily accessible" systems would fail to produce new data because the information on these systems is duplicative of information on Plaintiff's main systems which have already been searched. In support of its claims Plaintiff submitted under seal a declaration of Forrest Smith, Manager of Distributed Service Delivery Management for Plaintiff, which identifies the reasons Plaintiff did not restore its backups for the purpose of searching for relevant ESI, and the estimated cost and associated effort that would be required to search its backup systems. (Docket no. 81).

Federal Rule of Civil Procedure 26(b)(2)(B) provides:

4

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed.R.Civ.P. 26(b)(2)(B)

The Court is satisfied after having read the Smith declaration along with the parties' briefs and attached exhibits, and after hearing the parties' oral arguments on the motion, that Plaintiff's backup systems are not reasonably accessible and that Defendant has not shown good cause to search these systems. However, Plaintiff has not shown that Defendant asked it to search its "not readily accessible" backup systems. Rather, Defendant asked for Plaintiff's backup policies, and its tracking records and requests for restores, claiming that data that has been restored is reasonably accessible. (Docket no. 79, Ex. C - 7/28/10 letter). The Court finds that Plaintiff has not shown good cause for a protective order precluding Defendant from seeking discovery of Plaintiff's backup policies and tracking records or requests for restores. Furthermore, because Defendant has not asked Plaintiff to search its "not readily accessible" backup systems, there is no basis for the Court to enter a protective order preventing discovery of these systems.

Plaintiff next moves for a protective order denying Defendant discovery of its record retention policies. Letter correspondence between the parties shows that Defendant asked Plaintiff for its document retention policy. (Docket no. 79, Ex C - 7/28/10 letter). The Court finds that Plaintiff has failed to show good cause to preclude Defendant from seeking discovery of this policy.

Plaintiff next asks for an order providing that Plaintiff is not required to generate a data map to show the age of data on all of Plaintiff's systems. Letter correspondence between the parties

shows that Defendant asked Plaintiff for a data map to show what data is stored on each of Plaintiff's systems, who uses the systems, the retention of the data stored and where and how the data is backed up or archived. Federal Rule of Civil Procedure 26 requires parties to make certain mandatory disclosures during the initial stages of discovery. Generally a party must, "without awaiting a discovery request," provide "a copy - or a description by category and location" of all electronically stored information that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. Fed.R.Civ.P. 26(a)(1)(ii). In order to comply with this mandatory disclosure counsel must become knowledgeable about their client's computer systems and ESI at the onset of litigation. Hence, Plaintiff's counsel should have access to information from which it could readily discern what data is stored on each of Plaintiff's systems, who uses the systems, the retention of the data stored and where and how the data is backed up or archived. Plaintiff has not shown that it is in need of an order protecting it from annoyance, embarrassment, oppression, or undue burden or expense related to Defendant's request for this information. The Court will therefore deny Plaintiff's motion as to this request.

In Defendant's responsive brief and at the hearing on this motion Defendant made a number of broad accusations that Plaintiff has engaged in spoliation of evidence, has produced discovery with wide gaps of missing information and emails with missing metadata, has moved data to backup systems in order to avoid having to produce it, and has failed to produce information from its parent company. It is worth noting that while Plaintiff will not prevail on its Motion for Protective Order, the Court is presently satisfied that Plaintiff has diligently sought to meet its discovery obligations and has produced a substantial number of documents in response to Defendant's discovery requests. It is also worth noting that as of the date of the hearing on this motion not a single deposition had

been taken in this case, despite the fact that discovery has been ongoing for well over one year and is scheduled to close in a matter of months. Defendant's baseless accusations of spoliation, missing metadata, and deceptive and unethical discovery practices are wholly unsubstantiated. Likewise, Defendant's unsupported allegation that Plaintiff has failed to produce information from its non-party parent company was put before the Court without any indication as to which documents Defendant seeks or any argument or proof to show that Plaintiff has sufficient control over the phantom documents to trigger its disclosure obligation.

Defendant also argues that Plaintiff has not identified its search criteria or explained what date ranges or keywords were used to collect responsive documents. "Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.." *William A. Gross Constr. Assoc., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D. N.Y. 2009). Defendant is of course entitled to know what search criteria was used in retrieving relevant ESI. However, Plaintiff contends that Defendant has not committed to or requested specific search terms or system limitations. (Docket no. 79 at 12 n.3). If this is so, it is patently unclear to the Court why Defendant would not propose its own search criteria or otherwise attempt to work cooperatively with the Plaintiff on this issue long before Plaintiff searched its systems for ESI.     Defendant makes every effort to tie its requests for a data map, document retention policies, tracking records and/or requests for restores, and backup policies to the Court's May 5, 2010 Order, going so far as to assert that Plaintiff has egregiously violated the Order by failing to provide it with this information. Indeed, Defendant asks the Court to compel production pursuant to that Order. The May 5, 2010 Order does not require Plaintiff to provide this information to the Defendant. Instead, with regard to ESI, the Order required Plaintiff to identify sources of ESI

it did not search because they are not reasonably accessible, the reasons for its contention that the ESI is not reasonably accessible without undue cost and effort, and the anticipated cost and effort involved in retrieving that ESI. Plaintiff has complied with that provision of the Order.

The Court construes Defendant's requests for a data map, document retention policies, tracking records and/or requests for restores, and backup policies as new, informal discovery requests that are separate and distinct from the May 5, 2010 Order. Therefore, Plaintiff does not need to provide this information in to be in compliance with that Order. Furthermore, the Court will not compel production based on informal letter requests, particularly where the matter is before the Court only on a Motion for Protective Order.

Plaintiff has not shown good cause for issuance of a protective order at this time. Accordingly, for the reasons stated herein Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Protective Order (docket no. 79) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:                           s/
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:

Case Manager