**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NISSAN NORTH AMERICA, INC.,

    Plaintiff,

v.

                                  Case No. 09-11783
                                  Hon. Lawrence P. Zatkoff

JOHNSON ELECTRIC NORTH
AMERICA, INC.,

    Defendant.

                                             /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 12, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                       UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Disqualify Defendant's Counsel, Moses & Singer, LLP [dkt 102]. Defendant responded to the motion, and Plaintiff replied to Defendant's response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For reasons set forth below, Plaintiff's Motion to Disqualify Defendant's Counsel, Moses & Singer, LLP [dkt 102] is DENIED.

**II. BACKGROUND**

On December 16, 2010, this case was reassigned to this Court from Honorable Judge Taylor. This case involves Defendant's design, manufacture and supply of defective air conditioner fan

motor assemblies ("Fan Motors") that led to a safety recall of certain 2004–2006 Nissan Titan, Nissan Armada and Infiniti QX56 vehicles (the "Subject Vehicles"). Defendant, who is Plaintiff's Tier 2 supplier, sold the defective Fan Motors to its customer Visteon. In turn, Visteon, who is Plaintiff's Tier 1 supplier, incorporated the Fan Motors into front end modules that Plaintiff then incorporated into its Subject Vehicles. Of importance to the instant motion is a former powertrain engineer of Visteon—Andrew Chudzinski ("Chudzinski").

Chudzinski was employed by Visteon as a powertrain cooling applications engineer. During his employment at Visteon, Chudzinski was heavily involved in the design, manufacture and supply of the Fan Motors at issue in this case. While employed by Visteon, Chudzinski had interaction with both Defendant and Plaintiff about the Fan Motors, and issues relating to the recall of the Subject Vehicles, including the root cause investigation.

### A. DEFENDANT'S THIRD-PARTY SUBPOENA

On November 17, 2009, Defendant served Visteon with a third-party subpoena for a Fed. R. Civ. P. 30(b)(6) deposition[1] related to two 2006 PowerPoint presentations about the Fan Motors. Visteon's counsel responded to Defendant's request stating that Chudzinski took the lead in creating the presentations for Visteon, but as of 2008, Visteon no longer employed him. In the response, Visteon's counsel provided Chudzinski's last known address and expressed that Defendant's counsel, Stephen Weiss ("Weiss") at Moses & Singer LLP ("Moses & Singer"), could contact him directly, or Visteon would see whether it could arrange for Chudzinski to appear for a deposition. The letter in response is not clear as to whether Chudzinski would appear on behalf of Visteon as

---

[1] Fed. R. Civ. P. 30(b)(6) provides that a party may name a corporation as a deponent. "The named [corporation] must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.*

its corporate designee pursuant to Rule 30(b)(6). Visteon's counsel, however, made clear that "[a]s a former employee, however, [its] ability to do so is subject to his voluntary cooperation."

On December 1, 2009, Defendant's counsel, Weiss, confirmed in an email to Visteon's counsel that "Visteon has agreed to designate a 30(b)(6) witness, most likely Andrew Chudzinski, in response to [Defendant's] subpoena." The next day, Visteon's counsel replied to Weiss, stating that "Chudzinski has agreed to appear for a deposition. He will be Visteon's designee on the topics in the notice." That same day, Shari Alexander, another attorney at Moses & Singer, responded that they "look forward to receiving available dates for Mr. Chudzinski's deposition." On December 9, 2010, Visteon's counsel indicated that Chudzinski was available for the Rule 30(b)(6) deposition on January 23, 2010. The parties then conferred that they wished to move Chudzinski's deposition to February and that he would be available on Saturday, February 20, 2010.

### B. CHUDZINSKI'S CONTACT WITH DEFENDANT FOR EMPLOYMENT

Meanwhile, Chudzinski had applied for an engineering position with Defendant, which Weiss alleges he was unaware of at the time. Not until the middle of January 2010, did Weiss allegedly become aware that, on January 11, 2010, Chudzinski "began interviewing with Defendant's engineers" for a position.

Then, on January 20, 2010, Weiss and Chudzinski met in Detroit, Michigan, at the Detroit Metropolitan Airport. According to Weiss, at this meeting, he asked Chudzinski if he had any contractual obligations to either Visteon or Plaintiff that would preclude him from working for Defendant. Chudzinski stated that he had no such obligations and could work with Defendant or assist Defendant as a consultant in this case. Weiss states that they did not engage in any discussions related to the substantive issues in this case or to Chudzinski's prior work with Visteon

on the Fan Motors. After the airport meeting, Chudzinski declined Defendant's offer to work as an engineer because he was concerned that the bulk of his work with Defendant would involve work on the instant case. On February 3, 2010, Weiss contacted Chudzinski by telephone to inform him that if he accepted the position with Defendant, his work on this case would be minimal. Chudzinski then informed Weiss that rather than accept employment with Defendant, Chudzinski would offer to work as a consultant through his limited liability company for Moses & Singer.[2]

In response, Weiss sent Chudzinski a retention agreement the following day. The retention agreement paid Chudzinski $350 an hour, prohibited him from assisting Plaintiff or Visteon in any way, and obligated Chudzinski not to discuss any aspect of this case with anyone outside Weiss's law firm. Chudzinski signed this agreement and faxed it back to Weiss the next day, February 5, 2010.

### C. PLAINTIFF AND VISTEON OBJECT TO MOSES & SINGER'S RETENTION OF CHUDZINSKI

On February 9, 2010, after the retention agreement had been signed, Defendant notified Plaintiff and Visteon that it had hired Chudzinski as a "consultant." In his email, Weiss informed counsel that he understood (1) the February 20, 2010, Rule 30(b)(6) deposition would not be occurring as scheduled, (2) the outstanding deposition may no longer be needed, (3) Defendant had retained Chudzinski as a "consultant" at an hourly rate of $350, and (4) if there were any objections to the retention of Chudzinski, then to notify Defendant. Both Plaintiff and Visteon responded by letter to Weiss, objecting on various grounds, including paying a fact witness for testimony, making a former employee unavailable to Visteon, and violating the Michigan Rules of Professional

---

[2] The Court's reference to "Chudzinski" in this opinion and order includes Chudzinski himself and Chudzinski's limited liability company, ATC Services, LLC.

4

Conduct ("MRPC"). Weiss responded to the objections by modifying the retention agreement as follows: (1) reducing the hourly rate from $350 to $150, (2) explaining that Chudzinski may speak with Plaintiff and Visteon, and (3) including language that Chudzinski is not to disclose confidential information about Visteon to Moses & Singer. Visteon and Plaintiff subsequently maintained their objections and agreed to "meet and confer" with Defendant on the issue. During the parties' February 23, 2010, "meet and confer," Defendant represented that it would refrain from contacting Chudzinski until the Court addressed the issue. According to Plaintiff and Visteon, since his retention, Chudzinski has not returned Visteon's calls or emails.

### D. MAY 12, 2010, MAGISTRATE JUDGE'S OPINION AND ORDER

On March 16, 2010, Defendant filed a Motion for Permission to Retain as a Consultant a Non-Party's Former Employee ("Motion to Retain a Consultant") [dkt 30]. Defendant requested that the Court review the retention of Chudzinski and resolve Visteon and Plaintiff's objections to the retention agreement. Visteon and Plaintiff responded to the motion and sought sanctions against Defendant, arguing that the agreement violated MRPC 4.2 and 3.4. Defendant's motion was referred to the Magistrate Judge. On May 12, 2010, the Magistrate Judge issued an Opinion and Order without oral argument denying Defendant permission to retain Chudzinski and included a finding that Moses & Singer violated MRPC 3.4.

According to the Magistrate Judge: "The original consulting agreement between Defendant's counsel and Mr. Chudzinski calls for an outright bar on communications between Mr. Chudzinski and Plaintiff without defense counsel's permission and is therefore an agreement made in clear violation of defense counsel's ethical obligations under MRPC 3.4(a) and (f)." The Magistrate Judge also found that Moses & Singer violated MRPC 3.4(b), which prohibits lawyers from offering

5

an inducement to a witness that is prohibited by law:

> Defendant's counsel admits that they first offered Mr. Chudzinski a job, then entered into the original consulting agreement in which they offered to compensate Mr. Chudzinski at a rate of $350 per hour. Without any reduction in the number of hours he would spend "consulting" on this litigation, or any change in his knowledge of the issues, defense counsel suddenly reduced by half Mr. Chudzinski's hourly rate of compensation. This dramatic reduction was in response to Plaintiff and Visteon's objections that defense counsel was paying for fact testimony. It is the Court's opinion that there is no viable explanation for the dramatic decrease in Mr. Chudzinski's hourly rate of compensation other than that Defendant's counsel was paying for testimony under the original agreement.

The Magistrate Judge, however, did not find that Weiss violated MRPC 4.2, stating that "[n]either Plaintiff nor Visteon has provided this Court with authority for expanding MRPC 4.2 to bar communication between Defendant's counsel and a former employee of a non-party entity, even if that employee is also a Rule 30(b)(6) witness to the action." The Magistrate Judge further rejected Defendant's argument that the modified consulting agreement cured Moses & Singer's violations:

> However, the Court finds that defense counsel so clearly violated their ethical obligations with respect to the original agreement that the taint of the original contract infects both agreements. The message was conveyed under the original contract that the party paying Mr. Chudzinski did not want him speaking to Plaintiff or Visteon about this case. Defense counsel further erected obstacles in Plaintiff's path when they disclosed to Mr. Chudzinski that his hourly rate of compensation was drastically reduced as a direct result of Plaintiff's and Visteon's objections to the consulting agreement. Plaintiff and Visteon assert that Mr. Chudzinski is no longer cooperating as Visteon's Rule 30(b)(6) designee. Moreover, the amended agreement contractually binds Mr. Chudzinski to keep Defendant's work product confidential, and keep confidential any attorney-client privileged communications or attorney work product that he may have been privy to during his employment with Visteon, and may be privy to as Visteon's potential designated witness, arguably leaving little to which Mr. Chudzinski may be free to testify as a fact witness. Finally, the arrangement between Defendant's counsel and Mr. Chudzinski raises the specter as to whether Mr.

6

>Chudzinski is being paid by defense counsel for his factual testimony or his work as a litigation consultant.

In sum, the Magistrate Judge (i) denied Defendant's motion, (ii) ruled that the original and modified retention agreement are void and that Moses & Singer must discontinue its retention of Chudzinski, (iii) directed Moses & Singer to "fully disclose" to Plaintiff and the trier of fact, "what was discussed during [Weiss's] retention of Mr. Chudzinski", (iv) precluded Defendant from using any testimony or information it obtained from Chudzinski during its retention of him in this case, and (v) denied "[i]n all other respects [Plaintiff]'s request for relief." Defendant originally appealed the Magistrate Judge's findings but later withdrew, and then abandoned its appeal for which the time has now run.

### E. PRE-MEDIATION

On May 26, 2010, approximately fourteen days after the Magistrate Judge issued her Order, Plaintiff's counsel wrote to Defendant's counsel, noting that Defendant had not fully disclosed to Plaintiff the circumstances surrounding what the Magistrate Judge described as "behind-the-scenes" activities with Chudzinski, and requested that Defendant immediately comply with all of its obligations under the May 12 Order. Weiss issued a letter in response. In the May 27, 2010, letter, Weiss disclosed that Chudzinski had not received any compensation under the retention agreement, and Defendant had only sent a binder of factual emails to Chudzinski relating to his work for Visteon for review. Consistent with this letter, Moses & Singer disclosed the documents to Plaintiff's counsel.

### F. MEDIATION

On August 4, 2010, Defendant retained additional legal counsel, Thomas Manganello of Warner Norcross and Judd, LLP to represent its interests in this matter. Shortly after Mr.

Manganello's involvement, the parties agreed to enter into voluntary mediation to attempt to resolve the case. The mediation commenced on November 17, 2010, but it was unsuccessful.

### G. POST-MEDIATION

Since November 17, 2010, counsel for the parties have engaged in discovery and motion practice. During this time, Plaintiff's counsel has directly communicated with Moses & Singer over seventy times regarding all the various matters at issue in the discovery process. Plaintiff now filed the instant motion on January 11, 2011, raising issues with Moses & Singer's continued participation in the case. Plaintiff states that Defendant's New York counsel's conduct should not be condoned by this Court and requests that Moses & Singer be disqualified from this case and the Court award any further relief as the Court deems just.

## III. STANDARD OF REVIEW

The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Ex Parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824) (Marshall, C.J.). However, it is important for the Court to carefully review motions to disqualify counsel as "the ability to deny one's opponent the services of capable counsel[] is a potent weapon," *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988), that can be "misused as a technique of harassment." *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991) (citations omitted). As such, a court should only disqualify an attorney "'when there is a reasonable possibility that some specifically identifiable impropriety' actually occurred." *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177, 183–184 (6th

8

Cir. 2005) (quoting *Manning*, 849 F.2d at 225).[3]

After finding an "identifiable impropriety," in deciding whether to disqualify counsel, the Court must account for "'the traditional concerns of the legal profession that client confidences be protected and that appearances of professional impropriety be avoided.'" *DeBiasi v. Charter Cnty of Wayne*, 284 F. Supp. 2d 760, 770–71 (E.D. Mich. 2003) (quoting *Manning*, 849 F.2d at 225). But, even if the Court finds that there is a "reasonable possibility" that an "identifiable impropriety" occurred, the Court may decline to disqualify counsel. *See Kitchen*, 769 F. Supp. at 258–59.

## IV. ANALYSIS

As an initial matter, Defendant argues that Plaintiff may not seek disqualification of Defendant's New York counsel because Plaintiff's instant motion is an alternate means for objecting to the Magistrate Judge's May 12 Order, which Plaintiff failed to object to within fourteen days of being served with that order, as is required by Fed. R. Civ. P. 72(a). The Court will review this argument first because a finding that Plaintiff's motion is an untimely objection to the May 12 Order would render the parties' other arguments moot.

Therefore, pursuant to Fed. R. Civ. P. Rule 72(a), when a non-dispositive matter, such as the Motion to Retain a Consultant at issue in this case, is referred to a magistrate judge for hearing and decision, "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ.

---

[3] Defendant relies on *MJK Family LLC v. Corporate Eagle Mgmt. Servs., Inc.*, 676 F. Supp. 2d. 584 (E.D. Mich. 2009), and the Sixth Circuit case law cited therein, in which a court's review of a motion for disqualification is conducted under a three-part test. The Court declines to apply Defendant's standard because, as illustrated in *MJK Family LLC*, the three-part test for disqualification involves cases in which there was an alleged conflict of interest. This is not the issue before this Court, as Plaintiff is asserting an ethical violation under MRPC 3.4.

9

P. 72(a). After the applicable time has passed, this Court will not review a party's untimely objection to a magistrate judge's order. Further support is articulated by Sixth Circuit case law, which states that a party will also waive appellate review of a magistrate judge's order if that party fails to timely object with the district court. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Specifically, Defendant argues that the issue of disqualification was presented or could have been presented to the Magistrate Judge in the briefing of the Motion to Retain a Consultant, which led to the May 12 Order. Defendant points out the following facts that support its argument: (a) in Plaintiff's response to the Motion to Retain a Consultant, it relied upon case law that Moses & Singer's retention of Chudzinski was improper; (b) in Visteon's brief, it highlighted to the Magistrate Judge that another court, in reviewing a similar set of facts, found that the proper sanction was to disqualify a party's counsel; (c) Plaintiff requested that Defendant be sanctioned for retaining Chudzinski and that the Court grant any other relief the Court deemed appropriate; (d) the May 12 Order discussed Plaintiff and Visteon's cited case law that resulted in disqualification of a party's counsel; and (e) the May 12 Order denied "[i]n all other respects Plaintiff's request for relief." Thus, Defendant argues that if Plaintiff disagreed with the May 12 Order, then it had fourteen days from the issuance of it to object, Plaintiff did not object; and that time has now passed.

The Court, however, disagrees with Defendant for the reasons expressed by Plaintiff in its reply brief to this motion. First, the May 12 Order in which the Magistrate Judge found Moses & Singer to violate several ethical codes is based on a motion that Defendant—not Plaintiff—filed with the Court to confirm retention of Chudzinski as a "consultant." In the Motion to Retain a

Consultant, Defendant never raised the issue, for obvious reasons, that any party's counsel should be disqualified. Second, in responding to the Motion to Retain a Consultant, it is not reasonable, appropriate, nor permitted under the court rules for Plaintiff to incorporate a motion for disqualification of Defendant's counsel within its response brief before the Court. *See* E.D. Mich. L. R. 7.1(a). Third, other than a statement contained in Plaintiff's response brief that requests "any other relief the Court deem[s] just," and the May 12 Order's language denying "[i]n all other respects Plaintiff's request for relief," the May 12 Order does not address whether Defendant's counsel should be disqualified. As such, the Court will address the parties' arguments relating to the disqualification of Moses & Singer, as this motion is not an "objection" under Fed. R. Civ. P. Rule 72(a).

### A. IDENTIFIABLE IMPROPRIETY

In finding that a "reasonable probability" exists that some "specifically identifiable impropriety" occurred, it is appropriate for this Court to look to the applicable rules of professional conduct. Attorneys that practice before this Court are "subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court." E.D. Mich. L. R. 83.20(j). As such, the relevant rule is Michigan Rule of Professional Conduct ("MRPC") 3.4, which expresses the obligation for the parties and their counsel to treat each other with fairness. MRPC 3.4 provides that:

> A lawyer shall not:
>
> (a) unlawfully obstruct another party's access to evidence . . . . A lawyer shall not counsel or assist another person to do any such act;
>
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law; [and]
> * * *
> (f) request a person other than a client to refrain from voluntarily giving relevant information to another party, unless:

11

> (1) the person is a relative or an employee or other agent of a client; and
>
> (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

MICH. R. OF PROF'L CONDUCT R. 3.4.

According to Plaintiff, the Magistrate Judge determined in the May 12 Order that Moses & Singer's actions to retain Chudzinski and prohibit Plaintiff and Visteon's access to him under the original and amended retention agreement violated MRPC 3.4 (a), (b), and (f). Further, the conduct by Defendant's counsel after the May 12 Order further demonstrates the unethical impropriety of Defendant's counsel. In response, Defendant asserts that Moses & Singer had no prior relationship with Chudzinski, Visteon, or Plaintiff, and that no confidential or substantive information about this case was exchanged between Weiss and Chudzinski. Defendant further argues that merely because Moses & Singer was found to have violated MRPC 3.4 does not mean that disqualification is appropriate. Defendant also takes issue with Plaintiff's reliance on *Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651 (1992), because this case is from the Middle District of Florida and is not applicable to the Sixth Circuit. Rather, Defendant cites a Southern District of Florida case and two Michigan Federal Eastern District cases for the proposition that the appearance of impropriety does not qualify as an independent ground for disqualification.[4]

The Court need not extensively review the parties' arguments and case law regarding

---

[4] *See Grain v. Trinity Health, Mercy Health Serv., Inc.*, No. 03-72486, 2009 WL 3398737, at *26 (E.D. Mich. April 15, 2009); *Armor Screen Corp. v. Storm Catcher, Inc., 709 F. Supp. 2d 1309*, 1320 (S.D. Fla. 2010) (reviewing a claim that an expert that discussed the facts of the case with a plaintiff and then later became the opposing party's counsel should be disqualified); *The MJK Family*, 676 F. Supp. 2d at 593–94 (reviewing a claim that a party's counsel should be disqualified based upon a conflict of interest according to MRPC).

whether Moses & Singer violated MRPC 3.4, as the Magistrate Judge thoroughly analyzed analogous arguments and case law to the extent she denied the Motion to Retain a Consultant in her May 12 Order. In the May 12 Order, the Magistrate Judge analyzed the parties' arguments and found that Weiss clearly violated MRPC 3.4(a), (b), and (f).[5] In the instant motion, this Court only needs to find that a "reasonable probability" exists that Moses & Singer were involved in "specific identifiable impropriety." As such, the Magistrate Judge determined that the original and amended Retention Agreement's "outright bar on communications between Chudzinski and Plaintiff without defense counsel's permission" was a "clear violation of defense counsel's ethical obligations under MRPC 3.4(a) and (f)." With respect to MRPC 3.4(b), the Magistrate Judge found that compensating Chudzinski at a rate of $350 per hour, which was subsequently changed to $150 per hour after Plaintiff and Visteon's objection, was because Defendant's counsel was paying for Chudzinski's testimony. The Magistrate Judge rejected the amended retention agreement as a solution to the violations of MRPC 3.4 because "defense counsel so clearly violated their ethical obligations with respect to the original agreement that the taint of the original [retention agreement] infects both agreements."

After reviewing the parties' arguments, cited case law, and the May 12 Order, the Court finds that a "reasonable probably" exists that a "specific identifiable impropriety" occurred due to Weiss's contact with Chudzinski and the retention agreement between Moses & Singer and Chudzinski.

**B. PREJUDICE**

Because the "ability to deny one's opponent the services of capable counsel is a potent weapon," *Manning*, 849 F.2d at 224, it is important to consider whether disqualification of counsel

---

[5] The relevant portions of the May 12 Order are fully expressed in Subsection II.D, *supra*.

will cause prejudice to the parties, and that client confidences and appearances of professional impropriety be protected and be avoided. *DeBiasi*, 284 F. Supp. 2d at 770–71 (citation omitted).

Plaintiff argues that disqualification of Moses & Singer will not deny Defendant the services of capable counsel (*i.e.*, Moses & Singer) because Defendant retained additional counsel on August 4, 2010—Thomas Manganello of Warner Norcross and Judd, LLP. According to Plaintiff, since then, Mr. Manganello has had a substantial role in this case, including taking the lead at the mediation, discovery "meet and confer" conferences, third-party discovery, and is the main point-of-contact for all matters pertaining to this case. Plaintiff further points out that Defendant is also represented by a third law firm—Pepper and Hamilton.

Defendant refutes that it will not be prejudiced by disqualifying Moses & Singer and, more specifically, Weiss. Weiss has represented Defendant since the filing of Defendant's original Certificate of Incorporation in 1976, and has been lead counsel on almost all discovery matters in this case. Defendant also asserts that Moses & Singer has worked on all written discovery, received, reviewed, and categorized all of the document productions, and has met and conferred with Plaintiff's counsel on all discovery disputes in this case. According to Defendant, it is not possible for any other counsel to duplicate Moses & Singer's efforts and knowledge at this stage of the case and disqualification would only provide a significant tactical advantage to Plaintiff.

Despite the parties' arguments, they have not provided the Court with any Sixth Circuit authority, nor has the Court located any, which is directly on point with the circumstances in this case. Although this Court does not condone Weiss's conduct, any impropriety or "harm" done by Weiss's meetings and retention of Chudzinski have been rectified by the May 12 Order. In that order, the Magistrate Judge denied the Motion to Retain a Consultant, found the original and

14

amended retention agreement void, and ordered Defendant's New York counsel to fully disclose to the Court and Plaintiff the conduct between Weiss and Chudzinski. Since the May 12 Order, Plaintiff has not produced any evidence that Moses & Singer has continued in "behind-the-scenes" contact with Chudzinski or that client confidences are at issue. Moreover, to cast doubt that any professional impropriety is at stake, Moses & Singer produced a binder of documents it had sent to Chudzinski before the May 12 Order, and has disclosed to Plaintiff that no substantive or confidential information regarding Visteon was exchanged between Moses & Singer and Chudzinski. Moses & Singer's conduct after the May 12 Order was in accordance with that order and does not cast any further appearance of professional impropriety by Weiss or Moses & Singer.

Further, according to representations by Defendant in its brief, which Plaintiff does not refute, the parties' counsel have continued to cooperate and interact during discovery with Moses & Singer and Weiss. Although Plaintiff asserts that the presence of Moses & Singer will taint any of Plaintiff's discovery with respect to Chudzinski, Plaintiff has access to the typical discovery methods to freely gather information from Chudzinski. As such, the Court finds that Plaintiff has not overcome the presumption that Defendant is entitled to its chosen counsel—Moses & Singer. *See Bartech Indus., Inc. v. Int'l Baking Co., Inc.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996).

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Defendant's Counsel, Moses & Singer, LLP [dkt 102] is DENIED.

    IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 12, 2011.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290